# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CAROLYN DAVIS,

      Plaintiff,

v.

DC 37 MUNICIPAL EMPLOYEES LEGAL SERVICE MELS, JOAN BERANBAUM, DIRECTOR, and ATTORNEYS,

      Defendants.

1:17-cv-4275-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants "DC 37 Municipal Employees Legal Service MELS, Joan Beranbaum, Director, and Attorneys"[1] (collectively, "Defendants") Motion to Dismiss [7] (the "Motion"). The Motion is unopposed.

## I. BACKGROUND

On October 26, 2017, Plaintiff Carolyn Davis ("Plaintiff"), proceeding

---

[1] Defendants argue in the Motion that Plaintiff's articulation of Defendants' identities is inaccurate. ([7.1] at 2). Defendants state that "DC 37 Municipal Employees Legal Service MELS" refers to Municipal Employees Legal Services ("MELS"). (Id.). Defendants further state that MELS is "a group of attorneys who are employed by the District Counsel 37 Health & Security Plan Trust (the "Plan")." (Id.). Defendants confirm Joan Beranbaum is the Director of MELS. (Id.).

*pro se*, filed her Complaint containing three paragraphs alleging a claim for legal malpractice arising out of a mortgage loan modification agreement that Defendants apparently assisted in preparing for Plaintiff. ([1] at 1-2).[2] Plaintiff states that, because of Defendants' negligence, she was "forced to sign a fraudulent Modification Loan on October 28, 2011" and is being "forced to pay $431,634.70 on this new Fraud Modification." (Id. at 1-2). Plaintiff requests that "attorney Joan Beranbaum and DC 37 Legal Service pay the illegal mortgage debt that [she] [is] being force to pay on each month of $431,634.70." (Id. at 2).

On November 17, 2017, Defendants filed their Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed with prejudice for the following reasons: (1) Plaintiff's claim is barred by the statute of limitations in O.C.G.A §9-3-25; (2) the Court lacks personal jurisdiction over Defendants because Plaintiff failed to properly serve Defendants; (3) the Court lacks subject matter jurisdiction over Defendants; (4) Georgia is an inappropriate venue for the processing of the Complaint; (5) the Complaint should be dismissed according to the doctrine of *forum non conveniens*; and (6) the Complaint fails to present a claim for which relief may be granted. Plaintiff did not file a response and Defendant's motion is

---

[2] It appears the allegations in this Complaint arise from the same facts as another case before this Court, Davis v. Chase Bank, No. 1:17-cv-4206-WSD.

thus deemed unopposed. See LR 7.1(B), NDGa.

## II. DISCUSSION

### A. Motion to Dismiss Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and conferred by Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be either a "facial" or "factual" attack. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject-matter jurisdiction based on the allegations in a complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Id. Factual attacks challenge subject-matter jurisdiction in fact. Id. When resolving a factual attack, the court may consider extrinsic evidence, such as testimony and affidavits. Id. In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not apply. Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999). "[T]he trial court is free to weigh the evidence and

satisfy itself as to the existence of its power to hear the case . . . . [T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff has the burden to prove that jurisdiction exists. Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir. 2006).

Here, Plaintiff's barebones Complaint alleges only a claim of legal malpractice. This claim is a state law claim, which means Plaintiff may only proceed in this Court under diversity jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

4

Although the Complaint appears to include an allegation for damages greater than $75,000, the Complaint is devoid of any allegations regarding citizenship. For this reason alone, the Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

B.     Motion to Dismiss Under Rule 12(b)(6)

Even if the Court had subject matter jurisdiction over this matter, the Court nonetheless must dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[ ] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868

(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. 1937). The well-pled allegations must "nudge[ ] the[ ] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

In its Motion, Defendants assert that Plaintiff's claim for legal malpractice is barred by Georgia's statute of limitations, and therefore Plaintiff fails to state a claim upon which relief may be granted.³ Georgia law provides a four (4)-year

---

³ Assuming *arguendo* that Plaintiff properly pleaded diversity jurisdiction, the Court applies the Erie doctrine to determine whether Plaintiff's legal malpractice

6

statute of limitations for legal malpractice. O.C.G.A. § 9-3-25; see also Duke Galish LLC v. Arnall Golden Gregory LLP, 653 S.E. 2d 791, 793 (Ga. Ct. App. 2007). The "cause of action" for a legal malpractice claim "arises immediately upon the wrongful act having been committed." Jones, Day, Reavis & Pogue v. American Envirecycle, 456 S.E.2d 264, 266 (Ga. Ct. App. 1995). A plaintiff generally does not bear the burden of negating the affirmative defense of the statute of limitations in its complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 846 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint."). But a limitations defense may be properly raised and litigated in a motion filed pursuant to Rule 12(b) if, on the face of a complaint, the claim is time-barred. See Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., 522 F.3d 1190, 1194 (11th Cir. 2008); Baker v. City of Hollywood, 391 F. App'x. 819, 820 (11th Cir. 2010); Tello

---

claim is barred by the statute of limitations. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). The Court applies the Georgia statute of limitations in its analysis. Guaranty Trust Co. v. York, 326 U.S. 99 (1945) (holding the Erie doctrine includes the use of the forum state's statute of limitation where failure to do so would "significantly affect the result of the litigation").

v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (quoting LaGrasta, 358 F.3d at 845).

Plaintiff alleges in her Complaint that she was "forced to sign a fraudulent Modification Loan on October 28, 2011" and "because of the attorney's and DC 37 Legal Service negligent's, [sic] Legal Malpractice [she is] forced to pay $431,634.70 on this new Fraud Modification." ([1] ¶ 3). This allegation indicates that the "wrongful act" constituting the basis of Plaintiff's legal malpractice claim occurred on October 28, 2011—nearly six years prior to the commencement of this action on October 26, 2017, and nearly two years after the Georgia statute of limitations expired.[4] The Court finds this action is time barred, and must also be dismissed for this reason.

---

[4] Any additional damages Plaintiff may have later suffered as a result of the alleged increased loan payments do not impact the Court's holding here because "nominal damages arise upon the commission of the wrongful act [and] such nominal damages are sufficient as a triggering device for the statute of limitation and thus the cause of action then arises." Hamilton v. Powell, Goldstein, Frazer & Murphy, 306 S.E.2d 340, 343 (Ga. Ct. App. 1983).

8

## III. CONCLUSION[5]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 9th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Because it is plain to the Court that Plaintiff's Complaint is time barred and also not properly within the Court's jurisdiction, the Court finds it unnecessary to address the remainder of Defendants' arguments asserting grounds for dismissal.

9